# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MAMMOTH MANUFACTURING INC.,     )
                                       )
              Plaintiff,       )
Vs.                               )         NO. CIV-16-1009-HE
                                         )
C.H. ROBINSON WORLDWIDE, INC.,     )
                                       )
             Defendant.     )

## ORDER

This case arises out of plaintiff Mammoth Manufacturing, Inc.'s efforts to deliver polyurethane hose to one of its customers. According to the complaint, Mammoth Manufacturing ("Mammoth") orally contracted with defendant C. H. Robinson Worldwide Inc. ("Robinson") to arrange the delivery of the hose from Mammoth's warehouses in Oklahoma City and Chickasha to its customer in Woodward, Oklahoma. While the hose was being transported by the carrier arranged by Robinson, the carrier's trailer overturned, allegedly resulting in damage to the hose such that it was unuseable and unsaleable. The carrier apparently lacked sufficient insurance to cover the claimed damages based on the value of the hose, approximately $280,000. In any event, Mammoth has pursued claims against Robinson for its losses.

Mammoth originally brought suit against Robinson and the carrier in Oklahoma state court, asserting claims for negligence, negligent supervision, and breach of contract.[1]

---

[1] *The pertinent details of the state court proceeding are reflected in exhibits to defendant's motion to dismiss, rather than in the complaint, and would not ordinarily be considered in connection with a Rule 12(b)(6) motion to dismiss. However, plaintiff has explicitly conceded the accuracy of the exhibits.*

Robinson moved to dismiss the negligence claims against it on the basis of federal preemption, relying on 49 U.S.C. § 14501. The state court granted the motion and dismissed the claims for negligence and negligent supervision. Thereafter, in August 2015, plaintiff dismissed the state case altogether.

A year later, plaintiff filed this case against Robinson only. Here, Mammoth re-asserts a claim for breach of contract and also a fraud claim. The fraud claim is based on several allegedly false representations made by Robinson, either on its website or through its personnel, leading up to the oral agreement.

Robinson has now moved to dismiss the fraud claim on the basis of Fed.R.Civ.P. 12(b)(6), arguing that it is a "broker" within the meaning of preemption provisions of the Interstate Commerce Commission Termination Act, 49 U.S.C. § 14501, and that plaintiff's fraud claim is therefore preempted by federal law. It bases its preemption argument both on issue preclusion, arguing that the issue was already resolved against plaintiff in the state court proceeding, and on the substantive reach of the preemption provision itself.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). The court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). Nonetheless, judgment as a matter of law may be granted under Rule 12(b)(6) if an affirmative defense, such as preemption, applies. Caplinger v. Medtronic, Inc., 784 F.3d 1335, 1341 (10th Cir. 2015).

As a threshold matter, the court declines to resolve the present motion on the sole basis of issue preclusion. Issue preclusion prevents relitigation of facts and issues if, in an earlier proceeding, the same parties or their privies had a full and fair opportunity to litigate the critical issue, the issue was actually litigated, and it was necessary and essential to a final determination. Durham v. McDonald's Rests. Of Okla., Inc., 256 P.3d 64, 66–67 (Okla. 2011). Here, defendant asserts that this doctrine precludes relitigation of whether plaintiff's fraud claim is preempted by federal statute and whether defendant is a "broker" as defined by that law.

Plaintiff argues it did not have a "full and fair opportunity" to litigate the pertinent questions in the state court, correctly noting that only negligence claims were at issue there, not a fraud claim such as is asserted here. That argument has some force as it relates to whether the state court determination can be said to have addressed the effect of preemption on a fraud claim, but it does not come to grips with the second issue which Robinson urges is precluded—its status as a "broker." It appears clear enough that resolution of "broker" status was necessary to the state court's resolution of the motion to dismiss and plaintiff had an opportunity to address the issue there. Once the remaining claims were dismissed voluntarily by the plaintiff, the earlier order of dismissal became an appealable final determination of the issue. See Schoenhals v. PSR Investors, Inc., 299 P.3d 874, 877 (Okla. Civ. App. 2013). Defendant's "broker" status is therefore established by issue preclusion,[2] but the question remains as to whether federal preemption applies to plaintiff's fraud claim.

_____

[2] *Even if issue preclusion did not apply, the current allegations of the complaint appear to support only a conclusion that Robinson was a "broker."*

On that issue, Robinson relies on two sub-sections of § 14501. Sub-section (b)(1) of the statute provides, subject to exceptions apparently not applicable here, as follows:

> [N]o State . . . shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to . . . intrastate services of any . . . broker.

Similarly, sub-section (c)(1) of the statute provides:

> [A] State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a . . . broker . . . with respect to the transportation of property.

The term "transportation" is defined to include services related to the movement of property, including "arranging for" the delivery and handling of such property. 49 U.S.C. § 13102(23).

The reach of federal preemption statutes is sometimes difficult to determine, and the parties have not pointed to any binding authority addressing the question at issue here. However, in determining whether a state law or regulation is preempted by federal law, a court looks first to the statutory language adopted by Congress, "which necessarily contains the best evidence of Congress' pre-emptive intent." CSX Transp., Inc. v. Easterwood, 507 U.S. 658, 664 (1993). Here, the pertinent sections preclude claims which are "related to" the services of the broker or to the broker "with respect to the transportation of property." Those terms imply a relatively broad intended scope. *See* Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383 (1992) (noting the ordinary meaning of "relating to" is a "broad one"); *see also*, Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987) (no question that common law tort and contract actions "related to" an ERISA plan). Further, as noted above, "transportation" is defined to include "arranging for" the provision of transportation

services, and plaintiff's fraud allegations plainly relate to that activity. Interpreting a similar preemption statute, the Supreme Court has concluded that fraud claims arising under a state consumer fraud statute are preempted. American Airlines, Inc. v. Wolens, 513 U.S. 219 (1995). And there appears to be no question but that a common law claim can be the necessary "law, regulation or other provision." Northwest, Inc. v. Ginsberg, 134 S.Ct. 1422, 1429 (2014).

While the issue is not free from doubt, and questions of the reach of particular preemption provisions are always fact and statute specific, the court concludes that the referenced portions of 49 U.S.C. § 14501 bar the fraud claims asserted here.

Robinson's motion to dismiss [Doc. #6] is **GRANTED**. The fraud claim is dismissed. Defendant's unopposed motion to amend its answer [Doc. #17] is also **GRANTED**. Its amended answer shall be filed **within 21 days** from entry of this order.

**IT IS SO ORDERED**.

Dated this 17th day of March, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE